UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   v.<br><br>GEORGE McGOWAN,<br><br>                Defendant. | CASE NO. CR17-201RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

## I.       INTRODUCTION

This matter comes before the Court on Defendant George McGowan's Motion for compassionate release. Dkt. #61. Mr. McGowan requests that the Court reduce his sentence due to the global COVID-19 pandemic and the risks it poses to him as a result of his underlying medical conditions. Plaintiff United States of America (hereinafter, the "Government") opposes Mr. McGowan's motion. Dkt. #74. The Court finds oral argument unnecessary to rule on this motion. LCrR 12(b)(12). Having considered the Motion, the Government's Response, Defendant's Reply, and the remainder of the record, the Court DENIES Mr. McGowan's motion for compassionate release.

//

//

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 1

## II.   BACKGROUND

In February 2018, Mr. McGowan pleaded guilty to Access with Intent to View Child Pornography, in violation of 18 U.S.C. § 2252(a)(5)(B), (b)(2), without a plea agreement. Dkts. #17–20.   In a factual basis submitted in support of McGowan's plea, he admitted that he "knowingly attempted to access visual depictions of minors engaged in sexually explicit conduct" in April 2017.  Dkt. #20.  He further admitted knowing that the images were of minors under the age of 12 years old.  *Id.*   At sentencing, the Court found that Mr. McGowan's prior convictions triggered a ten-year mandatory minimum sentence pursuant to 18 U.S.C. § 2252(b)(2)'s recidivist enhancement and sentenced him to 160 months in prison followed by lifetime supervised release. Dkts. #30, 33, 34, 35.  Mr. McGowan is 69 years old.  His medical records reflect that he has been diagnosed with Type 2 Diabetes, Chronic Obstructive Pulmonary Disease ("COPD"), hypertension, among other ailments.  Dkt. #61, Ex. 5 (sealed) at 32.  Mr. McGowan has served over 62 months of his 160-month sentence and is currently incarcerated at FCI Lompoc.

Mr. McGowan moves for compassionate release under 18 U.S.C. § 3582(c).  Mr. McGowan previously contracted COVID-19 at FCI Lompoc in May 2020.  Dkt. #61, Ex. 5 (sealed) at 329.  As a result of the virus, he suffered lung damage which appears to have improved.  *See id.* at 329, 420.  He continues to suffer COPD, Type 2 Diabetes, and hypertension.  Mr. McGowan argues compassionate release is warranted because of his diminished physical health and the risk that he will be reinfected with COVID-19, his experience suffering the virus in prison, and the institution's inability to provide care for him in the future.  *See generally* Dkt. #61 at 6–16.  The Government further argues that even if extraordinary and compelling reasons exist, Mr. McGowan

1   presents a danger to the community and the 18 U.S.C. § 3553(a) factors do not warrant release.

2   Dkt. #74 at 10–13.

3                               **III.    DISCUSSION**

4          A court may reduce a term of imprisonment if "extraordinary and compelling reasons

5   warrant such a reduction" and "such a reduction is consistent with applicable policy statements

6   issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).    The Sentencing

7   Commission's relevant policy statement, in turn, says that a court may reduce a term of

8   imprisonment if "the defendant is not a danger to the safety of any other person or to the

9   community" and "extraordinary and compelling reasons warrant such a reduction." United States

10  Sentencing Guidelines ("USSG") § 1B1.13.  The statute also directs a court to consider the 18

11  U.S.C. § 3553(a) factors in deciding whether compassionate release is appropriate.  18 U.S.C. §

12  3582(c)(1)(A).  Taken together, the policy statement and 18 U.S.C. § 3582(c)(1)(A) establish three

13  requirements that must be satisfied before reducing a defendant's sentence: extraordinary and

14  compelling reasons must warrant release, a defendant cannot represent a danger to the community

15  upon release, and any reduction in the defendant's sentence must be consistent with 18 U.S.C. §

16  3553(a).[1]  *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.  The defendant bears the burden of

17  making this showing.  *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

18         Medical conditions may represent extraordinary and compelling reasons if an inmate

19  "suffer[s] from a serious physical or medical condition ... that substantially diminishes the

20

21  _____

22  [1] As a threshold matter, a defendant must also demonstrate that he has satisfied the exhaustion requirement of 18
    U.S.C. § 3582(c)(1)(A).  *See United States v. Van Sickle*, 2020 WL 2219496, slip op. at 3 (W.D. Wash. 2020).
    Specifically, a defendant must show that he exhausted administrative remedies or waited 30 days after filing a
23  request with the warden before filing the instant motion.  *Id.*  Mr. McGowan has made this showing. (*See* Dkt. #61,
    Ex. 1.)

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 3

[defendant's] ability ... to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A).  When an inmate has health conditions that make them significantly more vulnerable to complications from COVID-19, that likewise may constitute an extraordinary and compelling circumstance.  *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020).  The CDC has identified several health conditions that increase risk of serious illness from COVID-19, including COPD and Type 2 Diabetes, as well as a separate list of conditions which "might" increase this risk, including hypertension. *United States v. Johnson*, 2020 WL 4495981 slip op. at 3 (W.D. Wash. 2020).  Here, Mr. McGowan's medical records indicate he has been diagnosed with COPD, Type 2 Diabetes, and hypertension.  Dkt. #61 at 6–10.  Mr. McGowan also submits evidence that his physical health has been diminished by his COVID-19 infection in May 2020 and that it is possible for him to be reinfected with the virus.  *See* Dkt. #61 at 11–16.  However, because Mr. McGowan has failed to demonstrate he would not represent a danger to the community upon release or that a reduction in his sentence would be consistent with 18 U.S.C. § 3553(a), the Court need not decide whether he has established extraordinary and compelling reasons.

In assessing whether Mr. McGowan would represent a danger to the community upon release, the Court looks to the nature and circumstances of his underlying offense, the weight of the evidence against him, his history and characteristics, and the nature of the danger that his release would pose to any person or the community.  18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The nature and circumstances of Mr. McGowan's offense were very serious. In 2008, Mr. McGowan, who was then 56 years old, was convicted in Washington State court of Possession of Depictions of Minors Engaged in Sexually Explicit Conduct and sentenced to a 41-month prison

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 4

term, followed by three years of supervised release.  PSR_8 ¶ 40.  The State of Washington also classified McGowan as a Level III sex offender, a classification reserved for those "deemed the highest risk to reoffend."  PSR_3 ¶ 6.  Within *days* after completing his state supervision, Mr. McGowan bought a computer and began searching for child pornography.  PSR_4 ¶¶ 9-11. And in less than a month, Mr. McGowan downloaded 262 images of child pornography, including one of an adult man raping a girl who "appears to be under the age of four," and another of an adult man victimizing a girl who "appears to be under the age of eight."  PSR_4–5 ¶ 13.  The weight of the evidence was strong, as law enforcement found the images and search history stored on Mr. McGowan's devices and Mr. McGowan admitted "the sites he located were adult women acting like children."  PSR_4–5 ¶¶ 12–13.  In light of Mr. McGowan's history, which includes a conviction of sexual assault of a child, based on his sexual relationship with a 14-year-old girl, the Court FINDS he would present a danger to the community upon release.

Further, the section 3553(a) factors do not weigh in favor of release.  These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy statements, and avoidance of sentencing disparities.  *See* 18 U.S.C. § 3553(a).  Here, releasing Mr. McGowan from confinement early would undermine the goals of sentencing.  The nature and circumstances of the current offense are very serious in light of Mr. McGowan's possession of over two-hundred images of child pornography and his prior convictions.  Reducing his sentence from 160 months to just over 62 months would not adequately reflect the seriousness of the offense, nor would it promote respect for the law, provide adequate deterrence, or sufficiently protect the public.

//

//

# IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release (Dkt. #61).

IT IS SO ORDERED.

DATED this 14th day of July, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 6